# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNUM LIFE INSURANCE COMPANY OF
AMERICA,
                    **Plaintiff,**

-vs-                                    Case No.  6:05-cv-544-Orl-22DAB

TRACY KALEO,
MICHAEL SCHULHOFF,
JENNIFER SCHULHOFF,
                    **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

　　This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ATTORNEY'S FEES (Doc. No. 43)** |
| **FILED:** | **April 24, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part
and **DENIED** in part.

　　This is an interpleader action relating to Decedent's $40,000 life insurance benefit, payable

under a Group Life Insurance Policy issued by Plaintiff.  On April 10, 2006, the District Court entered

a judgment of interpleader in favor of Plaintiff, and reserved jurisdiction to determine an award of

attorney's fees to Plaintiff, upon proper motion (Doc. No. 42).  The instant motion followed, and is

opposed by Defendant Michael Schulhoff (Doc. No. 44).  The motion seeks an order "directing the

Clerk of the Court to issue a check payable to UNUM in the amount of $6,698.00, with these funds

to be deducted from the funds currently on deposit with the Registry of the Court." For the reasons set forth herein, it is **respectfully recommended** that the motion be **granted, only in part.** This Court finds an attorney's fee of $1,000.00, plus costs in the amount of $250.00 is all that is warranted, and all that should be awarded.

According to the papers filed, this action was brought because the Decedent did not name a beneficiary and his daughter, Defendant Courtney Schulhoff, has been indicted for First Degree Murder in the Decedent's death.[1] Plaintiff contends that this action required significant expenditures of attorney time and costs, due to the fact that the daughter who was accused of murdering the Decedent was a minor at the time and none of the initial defendants responded to the complaint. As a disinterested stakeholder, Plaintiff brought this action and deposited the proceeds into the registry of the Court and contends that it is thus entitled to recover its fees and costs, under the authority of *Prudential Ins. Co. v. Boyd,* 781 F. 2d 1494 (11th Cir. 1986) (attorney's fees are often awarded a disinterested stakeholder).

Attorney's fee awards in interpleader actions, however, are not automatic. See, for example, *Prudential, supra* ("In an interpleader action, costs, and attorneys' fees are generally awarded, *in the discretion of the court* to the plaintiff who initiates the interpleader as a mere disinterested stakeholder.") (emphasis added); and *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359 (5th Cir. 1983) (district court has authority to award costs, including reasonable attorneys' fees, in interpleader actions, but noting that there are circumstances where recovery of fees should be denied). Indeed, as noted by another court: "The court's "authority to make an award is discretionary; there is no right for the stakeholder to recover costs and attorney's fees."" *Life Investors Ins. Co. of America*

---

[1]*See* Fla. Stat. § 732.802(3) (2004).

*v. Childs*, 209 F.Supp.2d 1255, 1256 (M.D. Ala. 2002).  This district has agreed with the Alabama

court that attorney's fees are not always justified.  *See Metropolitan Life Ins. Co. v. Carter*, 2005 WL

2810699 (M.D. Fla. Oct 27, 2005) (NO. 3:04-CV-668-J32HTS) (denying attorney's fees to

stakeholder).

Moreover, Plaintiff is an insurance company, in a unique position to carry such costs as a

regular part of doing business.  As explained by the Eleventh Circuit:

> Attorneys' fees are justified in many interpleader actions for several reasons. First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset.

> In certain circumstances, however, courts have determined that attorneys' fees are not warranted. One of those circumstances . . . is when a stakeholder's interpleader claim arises out of the normal course of business. Although this standard typically is applied to insurance companies, see, e.g., *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.,* 537 F.Supp. 1147, 1150-51 (M.D. Ga.1982); *Minnesota Mut. Life Ins. Co. v. Gustafson,* 415 F.Supp. 615, 619 (N.D. Ill.1976), it also has been applied to banks, *see, e.g., In re Jones,* 61 B.R. 48, 54 (Bankr. N.D. Tex.1986).

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*In re Mandalay Shores Co-Op Housing Ass'n,* 21 F. 3d 380, 383 (11th Cir. 1994).

The Court finds that here, Plaintiff is a disinterested stakeholder, and filing the interpleader

was not an inappropriate action.  Unfortunately, however, the fees requested here *do* greatly diminish

the value of the asset.[2]  Moreover, as noted in *Mandalay,* disputes such as this are foreseeable to Plaintiff.[3]  While the Court understands that the difficulties inherent in litigating against an incarcerated, under-age adverse party made this a more expensive than usual case,  the Court finds it would be inequitable to foist all those costs onto the fund, as opposed to the party that is in a better position to absorb and pass on those costs as a necessary and foreseeable cost of doing business.

That being said, Plaintiff is entitled to recover some amount for bringing this action, as well as supported costs.  It is **respectfully recommended** that Plaintiff recover an attorney's fee in the amount of $1,000.00.  As for costs, Plaintiff is entitled to recover the $250.00 filing fee, and it is **respectfully recommended** that the Court so hold.  Although Plaintiff would normally be entitled to fees for service of process, here Plaintiff claims, without explanation, service fees in the amount of $579.00.  This amount is excessive and unsupported, especially considering that one of the defendants waived service (Doc. No. 14).  As no explanation or proof is offered as to actual service costs, none should be awarded.

### RECOMMENDATION

It is **respectfully recommended** that the motion be **granted, in part** and that an award for attorney's fees and costs be entered in the total amount of $1,250.00, taxable against the fund currently in the registry of the Clerk of Court.

---

[2]Plaintiff seeks $6,698.00 ($829 in costs and the remaining $5,869 in fees) out of a $40,000 fund.  While the Court does not find the hourly charges to be at an unreasonable rate or the number of hours expended to be inflated (though some aspects of the case could have been handled more efficiently) Nonetheless, in view of the relatively small size of the total fund, the award sought is a significant percentage and can not be deemed a "minor" expense.

[3]The Court rejects Defendant Michael Schulhoff's suggestion that the fees be taxed against the daughter, co-Defendant Courtney Schulhoff.  While she has been charged with the death of Decedent, it does not follow that she is therefore not entitled to make a claim to the fund.  Her entitlement or disqualification from entitlement to the fund can only be addressed upon resolution of the homicide charge, and the Court cannot presume her guilt.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 9, 2006.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy